UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ALVIN STRIBLING,

                                       Plaintiff,                       9:11-CV-0683
                                                              (GLS/ATB)

                v.

ANDREA D. EVANS, Commissioner,
NYS Division of Parole; BRIAN FISCHER,
Commissioner, DOCS,

                                    Defendants.

_____

**APPEARANCES**

ALVIN STRIBLING
75-A-4243
Altona Correctional Facility
555 Devils Den Road
Altona, New York 12910
Plaintiff, *pro se*

GARY L. SHARPE
United States District Court Judge

### MEMORANDUM-DECISION AND ORDER

**I.    Introduction**

    The Clerk has sent to the Court for review a civil rights complaint filed by

*pro se* plaintiff Alvin Stribling.  Stribling, who has not paid the statutory filing fee

for this action, seeks leave to proceed *in forma pauperis*.

**II.    Discussion**

**(A) Application to proceed *in forma pauperis***

Stribling seeks *in forma pauperis* status in this action and has duly filed a

signed *in forma pauperis* application and the required inmate authorization form.

Dkt. Nos. 2, 3.  Upon review, the Court finds that Stribling has demonstrated

sufficient economic need and properly commenced this action without

prepayment of the filing fee.

**(B) Sufficiency of the allegations contained in the complaint**

Having found that Stribling meets the financial criteria for commencing this

case *in forma pauperis*, the Court must now consider the sufficiency of the

allegations set forth in the complaint in light of 28 U.S.C. §§ 1915(e) and 1915A.

Section 1915(e) of Title 28 of the United States Code directs that, when a

plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the

case at any time if the court determines that – . . . (B) the action . . . (i) is

frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief."

28 U.S.C. §§ 1915(e)(2).[1]  Likewise, under 28 U.S.C. § 1915A, a court must

review any "complaint in a civil action in which a prisoner seeks redress from a

---

[1]  To determine whether an action is frivolous, a court must look to see whether the
complaint "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319,
325 (1989).

governmental entity or officer or employee of a governmental entity" and must

"identify cognizable claims or dismiss the complaint, or any portion of the

complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim

upon which relief may be granted; or . . . seeks monetary relief from a

defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *see also*

*Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A

applies to all actions brought by prisoners against government officials even

when plaintiff paid the filing fee); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir.

2007) (stating that both sections 1915 and 1915A are available to evaluate

prisoner *pro se* complaints).  Thus, even if a plaintiff meets the financial criteria

to commence an action *in forma pauperis*, it is the Court's responsibility to

determine whether the plaintiff may properly maintain the complaint that he filed

in this District before the Court may permit the plaintiff to proceed with this

action *in forma pauperis.  See id.*[2]

Stribling brings this action under 42 U.S.C. § 1983, which establishes a

cause of  action for "the deprivation of any rights, privileges, or immunities

secured by the Constitution and laws" of the United States by a person acting

---

[2] "Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915e is appropriate to prevent abuses of the process of the court," *Nelson v. Spitzer*, No. 9:07-CV-1241, 2008 WL 268215, *1 n.3 (Jan. 29, 2008) (citation omitted), as well as "to discourage the filing of [baseless lawsuits], and [the] waste of judicial . . . resources[.]"  *Neitzke*, 490 U.S. at 327.

under color of state law.  *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (Section 1983 "is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights.").  The personal involvement of a defendant is a prerequisite for the assessment of liability in a § 1983 action, *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977), and the doctrine of *respondeat superior* is inapplicable to these claims.  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973).

In his *pro se* complaint, Stribling states that he appeared before the Parole Board seven times between May, 1994 and August, 2010 and, on each occasion, was denied parole release.  Dkt. No. 1 at 2.[3]  Stribling claims that his due process rights were violated because the Parole Board decisions were not made in accordance with the requirements of New York state law and the applicable rules and regulations.  Stribling claims, among other things, that the parole commissioners failed to considered his sentencing minutes.  *Id.*[4]

---

[3]  According to the public website maintained by DOCCS, Stribling was convicted of murder and burglary and was sentenced to an indeterminate term of twenty years to life imprisonment.  See http://nysdocslookup.docs.state.ny.us.  Stribling's next appearance before the Parole Board is May, 2012.  *Id.*

[4]  Plaintiff claims that consideration of the sentencing minutes is particularly important in his case because the sentencing judge stated that he would have been inclined to grant a

Stribling seeks monetary damages.  Stribling has named as defendants New York Parole Division Chairwoman Andrea D. Evans and DOCCS Commissioner Brian Fischer.[5]  For a complete statement of Stribling's claims, reference is made to the complaint.

In order to proceed with his claim that he was denied parole in violation of his constitutional rights, it must appear that Stribling enjoyed a protected liberty interest under New York's statutory scheme for determining whether to grant or deny parole.  *Barna v. Travis*, 239 F.3d 169, 171 (2d Cir. 2001) (per curiam).  It is well-settled that "the New York parole scheme is not one that creates in any prisoner a legitimate expectancy of release," and that, as a result, prisoners in New York state are not entitled to the safeguards afforded by federal due process with respect to parole release determinations.  *Barna*, 239 F.3d at 171.[6]

motion from plaintiff's counsel for dismissal had one been made. Dkt. No. 1 at 2.  While not entirely clear, it appears that at least as of May, 2010, the sentencing minutes were not in Stribling's parole file.  At that time, the parole board hearing was postponed three months so that an effort could be made to obtain those minutes.  *See* Dkt. No. 1 at 11-16 (Transcript of Parole Board Hearing).  Stribling claims that the sentencing court has "lost" all of the records. Dkt. No. 1 at 2.

[5]  As of April, 2011, the New York Department of Correctional Services and the State Division of Parole were merged into a single agency called the New York State Department of Corrections and Community Supervision ("DOCCS").  *See* http://www.docs.state.ny.us/FactSheets/DOCS-Parole-Merger.html.

[6]  The decision of the Supreme Court in *Wilkinson v. Dotson*, 544 U.S. 74 (2005), allowing a § 1983 action by Ohio prisoners challenging the constitutionality of that state's parole process, is not to the contrary.  The *Wilkinson* Court "did not create or comment on any constitutional entitlements relating to parole." *Standley v. Dennison*, No. 9:05-CV-1033, 2007 WL 2406909, *1 (N.D.N.Y. Aug. 21, 2007)*.

*See Duemmel v. Fischer,* 368 Fed. Appx. 180, 182 (2d Cir. 2010) ("[O]ur case law holds that New York's parole scheme 'is not one that creates in any prisoner a legitimate expectancy of release,' and thus 'plaintiffs have no liberty interest in parole, and the protections of the Due Process Clause are inapplicable.'") (quoting *Barna,* 239 F.3d at 171); *Drogheo v. Fieno,* 10-CV-6583, 2011 WL 1901669, *2 (W.D.N.Y. May 19, 2011).  Because an inmate in the custody of New York state does not have a liberty interest in parole release that is protected by the Due Process Clause, alleged violations of procedural requirements of the New York parole scheme "are matters for consideration by the state courts."  *Boothe v. Hammock,* 605 F.2d 661, 665 (2d Cir. 1979).

## III.   Conclusion

Based upon the foregoing, the Court finds that the complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983.  The complaint must, therefore, be dismissed.[7]  Because the problem with Stribling's cause of action is substantive, such that better pleading will not cure it, leave to re-plead is denied as futile.  *See Cuocco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir.

---

[7] The Court also notes that Stribling's complaint does not include any specific allegations of wrongdoing or misconduct by either named defendant sufficient to even suggest that they were personally involved in the parole determinations complained of, and finds that the complaint is subject to dismissal for this reason as well.  *Bass v. Jackson,* 790 F.2d 260, 263 (2d Cir. 1986) ("A plaintiff must thus allege a tangible connection between the acts of a defendant and the injuries suffered.").

2000).

In light of the dismissal of this action, Stribling's *in forma pauperis*

application is **denied as moot**.

**WHEREFORE**, it is hereby

**ORDERED** that this action is **dismissed** pursuant to 28 U.S.C. § 1915(e)

for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that Stribling's *in forma pauperis* application (Dkt. No. 2) is

**denied as moot**; and it is further

**ORDERED** that the Clerk serve a copy of this Order on Stribling by

regular mail.

**IT IS SO ORDERED.**

Dated: September 9, 2011
        Albany, New York

Gary L. Sharpe
U.S. District Judge